

In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

_____

No. 06-09-00234-CR

_____

GLENN DOUGLAS ROARK, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the Second Judicial District Court
Cherokee County, Texas
Trial Court No. 15581

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

Glenn Douglas Roark appeals from his conviction by a jury for the offense of driving while intoxicated (DWI).[1] TEX. PEN. CODE ANN. § 49.09(b) (Vernon Supp. 2009). The offense was enhanced by two prior DWI convictions, and he was sentenced to six and one-half years' imprisonment. He was represented by appointed counsel at trial and on appeal.

Roark's attorney on appeal has filed a brief which discusses the record and reviews the proceedings in detail.[2] Counsel has thus provided a professional evaluation of the record demonstrating why, in effect, there are no arguable grounds to be advanced. This meets the requirements of *Anders v. California*, 386 U.S. 738 (1967); *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1981); and *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978).

Counsel mailed a copy of the brief to Roark on May 3, 2010, informing Roark of his right to file a pro se response and of his right to review the record. Counsel has also filed a motion with this Court seeking to withdraw as counsel in this appeal. Roark has neither filed a pro se response, nor has he requested an extension of time in which to file such response.

---

[1]Originally appealed to the Twelfth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (Vernon 2005).

[2]We did note, however, errors in appellate counsel's brief of a nature suggesting that more care should have been taken in using prior briefs as a basis for preparing the current brief. Counsel stated in his preliminary statement of this case that this was an aggravated robbery case instead of a DWI—but then later in the same sentence states the jury found Roark guilty of DWI (the correct offense). This misstatement of aggravated robbery also occurs on page three of counsel's brief. Counsel further states the offense took place June 28, 2004, when in fact it occurred January 28, 2004. Also, counsel states there was no motion for directed verdict based on insufficient evidence; however, trial counsel did move for a directed verdict based on insufficient evidence that Roark was driving a vehicle as opposed to just being in his yard when he was arrested.

2

We have determined that this appeal is wholly frivolous. We have independently reviewed the clerk's record and the reporter's record, and we agree that no arguable issues support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

In a frivolous appeal situation, we are to determine whether the appeal is without merit and is frivolous, and if so, the appeal must be dismissed or affirmed. *See Anders*, 386 U.S. 738.

We affirm the judgment of the trial court.[3]

Bailey C. Moseley
Justice

Date Submitted: July 13, 2010
Date Decided: July 14, 2010

Do Not Publish

---

[3]Since we agree this case presents no reversible error, we also, in accordance with *Anders,* grant counsel's request to withdraw from further representation of Roark in this case. No substitute counsel will be appointed. Should Roark wish to seek further review of this case by the Texas Court of Criminal Appeals, Roark must either retain an attorney to file a petition for discretionary review or Roark must file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with this Court, after which it will be forwarded to the Texas Court of Criminal Appeals along with the rest of the filings in this case. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4.